J-A02016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW MARK KAWECKI | : | |
| | : | |
| Appellant | : | No. 352 WDA 2022 |

Appeal from the Amended Judgment of Sentence Entered March 14, 2022
In the Court of Common Pleas of Fayette County Criminal Division at No(s):  CP-26-CR-0001922-2020

BEFORE:  BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                 **FILED:  April 28, 2023**

Appellant, Andrew Mark Kawecki, appeals from the March 14, 2022 amended judgment of sentence entered in the Court of Common Pleas of Fayette County that imposed a sentence of 2½ to 5 years' incarceration after Appellant pleaded *nolo contendere* to indecent assault - person less than 13 years of age.[1]  We affirm.

The record demonstrates that Appellant was a Roman Catholic priest who, between the years 2004 and 2005, had indecent contact with an altar server who was under 13 years of age, "either by having contact with the [victim] with [Appellant's] penis or by forcing the [victim] to have contact with [Appellant's] penis."  Trial Court Opinion, 5/20/22, at 2; *see also* Criminal Complaint, 8/26/20, at Count 3.  On November 18, 2020, Appellant was

_____

[1] 18 Pa.C.S.A. § 3126(a)(7).

charged with the aforementioned offense, as well as involuntary deviate sexual intercourse – person less than 16 years of age by person 4 or more years older, indecent assault – person less than 16 years of age, and corruption of minors.[2]  Criminal Information, 11/18/20.

On October 25, 2021, Appellant pleaded *nolo contender* to indecent assault - person less than 13 years of age.  On March 3, 2022, the trial court sentenced Appellant to 2½ to 5 years' incarceration followed by 3 years' probation.  Sentencing Order, 3/3/22, at ¶4.  Appellant was also ordered to register with the Pennsylvania State Police as a sexual offender for a period of 10 years pursuant to Subchapter I of Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.51 to 9799.75.[3]  Sentencing Order, 3/3/22, at ¶¶12-20.  The trial court *nolle prossed* Appellant's three remaining criminal charges.  ***Id.*** at 6.

On March 11, 2022, Appellant filed a motion to modify his sentence, asserting that his sentence was "the maximum sentence permitted by law and exceeded the standard range and the aggravated range for the crime[.]" Motion to Modify Sentence, 3/11/22, at ¶6.  Appellant further argued, *inter*

---

[2] 18 Pa.C.S.A. §§ 3123(a)(7), 3126(a)(8), and 6301(a)(1)(i), respectively.

[3] Section 9799.55 of SORNA – Subchapter I requires a person convicted of indecent assault pursuant to 18 Pa.C.S.A. § 3126 to register with the Pennsylvania State Police for a period of 10 years.  42 Pa.C.S.A. § 9799.55(a)(1)(i)(A).  Subchapter I of SORNA applies to Appellant's criminal conviction because the indecent assault offense was committed on or before December 20, 2012.  42 Pa.C.S.A. § 9799.52(1).

*alia*, that his sentence was unreasonable and excessive under the circumstances, and the trial court failed to consider all relevant sentencing criteria and to adequately state its reasons for the sentence on the record. *Id.* at ¶¶7-10.

On March 14, 2022, the trial court amended Appellant's sentence and sentenced Appellant to 2½ to 5 years' incarceration.[4] Amended Sentencing Order, 3/14/22, at ¶4. Thus, the trial court, in amending Appellant's sentence, eliminated the 3-year period of probation it originally ordered to run consecutively to Appellant's term of incarceration. *Id.* The amended sentence still required Appellant to register with the Pennsylvania State Police for a period of 10 years pursuant to Section 9799.55 of SORNA – Subchapter I. *Id.* at ¶¶12-20. On March 16, 2022, Appellant filed an amended motion to modify his sentence to correct "typographical errors" that appeared in his original motion to modify his sentence. Amended Motion to Modify Sentence, 3/16/22,

_____

[4] The trial court originally imposed a mandatory 3-year period of probation pursuant to 42 Pa.C.S.A. § 9718.5. N.T., 3/3/22, at 21. Section 9718.5, however, imposes a mandatory 3-year period of probation for a person convicted of a sexual offense identified under Section 9799.14(d) of Subchapter H of SORNA, 42 Pa.C.S.A. §§ 9799.11 to 9799.42, and classified pursuant to the 3-tier system set forth therein. Because Appellant was sentenced under Subchapter I of SORNA, as discussed *supra*, Section 9718.5 was not applicable. Thus, it appears that the trial court, upon reflection, amended Appellant's sentence *sua sponte* by removing the period of probation and did not amend the sentence for the reasons set forth in Appellant's motion to modify his sentence. The caption has been corrected accordingly to reflect that Appellant appeals from his March 14, 2022 amended judgment of sentence.

at ¶1. On May 22, 2022, the trial court denied Appellant's amended motion to modify his sentence. Trial Court Order, 5/22/22. This appeal followed.[5]

Appellant raises the following issue for our review:

Whether the trial court imposed an unreasonable sentence and one not in accordance with the factors that a sentencing court must consider in imposing [a] sentence, [particularly] consideration of the character of Appellant and his rehabilitative needs, where [the trial court] sentenced Appellant to the maximum sentence permitted by law?

Appellant's Brief at 14 (extraneous capitalization omitted).

Appellant's issue challenges the discretionary aspects of his sentence, arguing that the trial court abused its discretion when it imposed an unreasonable sentence and focused only on the seriousness of the crime without consideration of Appellant's character and rehabilitative needs. *Id.* at 20-40.

It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

_____

[5] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. Pa.R.A.P. 1925.

> We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [***Moury***, 992 A.2d] at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

***Commonwealth v. Hill***, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). If an appellant fails to raise a challenge to the discretionary aspects of a sentence either by presenting a claim to the trial court at the time of sentencing or in a post-sentence motion, then the appellant's challenge is considered waived. ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013). A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011). Allegations that the trial court failed to consider a defendant's character and background, as well as rehabilitative needs, raise a substantial question that the sentence was inapposite to the Sentencing Code. ***Commonwealth v. Luketic***, 162 A.3d 1149, 1162 (Pa. Super. 2017), *relying*

on *Commonwealth v. Goggins*, 748 A.2d 721, 727-728 (Pa. Super. 2000), *appeal denied*, 759 A.2d 920 (Pa. 2000); *see also Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010).

Here, the record reflects that Appellant filed a timely notice of appeal and properly preserved a challenge to the discretionary aspects of his sentence in his amended motion to modify his sentence. Appellant also included a Rule 2119(f) statement in his brief. Appellant's Brief at 8-13. In his Rule 2119(f) statement, Appellant argues that, in "imposing the maximum sentence permitted by law[,]" the trial court "failed to consider the character of Appellant, his rehabilitative needs, or the clearly mitigating factors he presented such as his advanced age and lack of criminal record." *Id.* at 9. In so arguing, we find that Appellant raises a substantial question regarding the trial court's alleged failure to consider his character and rehabilitative needs before imposing a maximum sentence.[6] *Luketic*, 162 A.3d at 1162; *see also Downing*, 990 A.2d at 793. Therefore, we proceed to consider the merits of Appellant's discretionary sentencing claim.

Appellant argues that the trial court focused only on the seriousness of the crime and did not state sufficient reasons on the record for departing from the sentencing guidelines when it imposed the maximum sentence permitted

---

[6] Section 1104 of the Crimes Code permits a trial court to sentence a person to a maximum period of 5 years' incarceration for a conviction of a misdemeanor of the first degree. 18 Pa.C.S.A. § 1104(1). In the case *sub judice*, Appellant's conviction of indecent assault - person less than 13 years of age was a misdemeanor of the first degree. *See* 18 Pa.C.S.A. § 3126(b)(3).

by law. Appellant's Brief at 36. Appellant concedes that the seriousness of the crime was sufficient to support a sentence of imprisonment and "maybe a sentence in the aggravated range of the [sentencing] guidelines, but simply did not justify a sentence that completely disregarded the [sentencing] guidelines." *Id.* Appellant asserts that the trial court failed to consider his character and rehabilitative needs when determining the length of his term of incarceration and, in so doing, focused solely on the seriousness of the crime without considering the criminal defendant. *Id.* at 40.

It is well-established that "[w]hen imposing a sentence, a [trial] court must consider the factors set forth in 42 Pa.C.S.A. § 9721(b)." *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008). Section 9721(b) of the Sentencing Code, in pertinent part, states,

> the [trial] court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The [trial] court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation).

42 Pa.C.S.A. § 9721(b). "The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). However, the record as a whole must reflect due

consideration by the [trial] court of the statutory considerations." ***Feucht***, 955 A.2d at 383 (citations omitted).

> The [trial] court may, in an appropriate case, deviate from the guidelines by fashioning a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. In doing so, the [trial court] must state of record the factual basis and specific reasons which compelled [it] to deviate from the guideline ranges. When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only.

***Commonwealth v. McLaine***, 150 A.3d 70, 76-77 (Pa. Super. 2016) (citations omitted), *appeal denied*, 168 A.3d 1267 (Pa. 2017); ***see also Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009) (stating that, in deviating from the sentencing guidelines, the trial court must demonstrate that it understood the sentencing guideline ranges and set forth on the record, "at least in summary form, the factual basis and specific reasons which compelled the [trial] court to deviate from the sentencing range").

Appellate review of a trial court's sentencing determination is governed by Section 9781(c) of the Sentencing Code.

> Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the [trial] court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable."

***Commonwealth v. Bowen***, 975 A.2d 1120, 1123 (Pa. Super. 2009), *citing*

42 Pa.C.S.A. § 9781(c). In reviewing sentencing matters, we are mindful of

our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

***Garcia-Rivera***, 983 A.2d at 780 (citation omitted).

Here, at Appellant's sentencing hearing, the trial court indicated that it

reviewed a pre-sentence investigation report and understood that the

standard range of sentencing was restorative sanctions to 9 months'

incarceration, with an aggravated range of 9 to 12 months' incarceration.

N.T., 3/3/22, at 16-17.[7] The trial court also stated that it considered all the

factors pursuant to 42 Pa.C.S.A. § 9721(b), including the protection of the

public, the gravity of the offense as it relates to the impact on the life of the

victim and the community, and the rehabilitative needs of [Appellant], in

fashioning its sentence. N.T., 3/3/22, at 17; ***see also*** 42 Pa.C.S.A. § 9721(b).

---

[7] The notes of testimony from Appellant's March 3, 2022 sentencing hearing were filed with the trial court on March 15, 2022. For ease of reference, we identify the notes of testimony by the date of the sentencing hearing.

The trial court explained its reasons for deviating from the sentencing guidelines as follows:

> Although the plea is no contest[,] for purposes of sentencing[,] [Appellant] will be punished as if he entered a guilty plea and, of course, he acknowledged that at the time of the entry of his plea. [Appellant] pled to the following facts. Between the years 2004 through [2005, Appellant] did have indecent contact with the victim, who at the time was a boy less than thirteen years of age. [Appellant] had contact with the victim's penis [] or forced the victim to have contact with [Appellant's] penis while at the time [Appellant] was a Roman Catholic priest and the victim was an altar server. . . .
>
> [Appellant] is 66 years of age. He has no prior record as he has never been in trouble previously with the law[,] and the offense gravity score of this offense is a five[. A] standard sentence is restorative sanctions to nine months[' incarceration], an aggravated range sentence is nine [] to twelve months[' incarceration]. Of course, the guidelines are advisory only. Considering the nature and circumstances of this offense [the trial] court concludes that a guideline sentence is inappropriate in this case. In fashioning the sentence[, the trial] court [] considered the sentencing factors set forth in [42 Pa.C.S.A. § 9721(b)], and [will] go over these for the record. And, of course, a contemporaneous written statement for the reasons for the deviation from the guidelines will be provided to the Pennsylvania Commission on Sentencing. [The trial court] considered the factors in favor of probation under [42 Pa.C.S.A. § 9722]. The first factor in favor of probation is that the criminal conduct of [Appellant] neither caused nor threatened serious harm. Quite the contrary in this case. The criminal conduct caused serious lifelong psychological harm to [the victim] and [Appellant] should have contemplated this harm. There simply [are no] factors in this case that weigh in favor of probation. [The trial] court [] carefully considered the protection of the public. The nature of the offense is abominable. [Appellant], a Roman Catholic priest, when he committed these acts between 2004 and 200[5], abused his power and position as the victim's spiritual leader for his own sexual gratification. [The trial] court [] carefully considered the gravity of the offense as it relates to the impact on the life of the victim and on the community. [The victim] called [Appellant] [F]ather. His parents called him [F]ather. The entire

- 10 -

Catholic community called him [F]ather. Who could be trusted more to supervise, teach, and mentor a young boy than the leader of the boy's own church. [Appellant] breached this trust in the most heinous way imaginable. At a time when this young man was vulnerable to the evils of the world. His parents were likely so proud that he wanted to serve his church as an altar [server]. Who would imagine that a man who held himself out as [F]ather, a man of God, would victimize their child not once but over years. [The trial court] considered the victim's [impact] statement. In [the victim's] words, his life was drastically altered. He began to drink at age [] 15 and quickly found that this helped him forget. He stopped caring about the future that he wanted in [sports]. He stopped caring about his life. He turned to drugs in his continued attempts to forget what happened to him. He became addicted before he was a senior in high school, he barely graduated [high school], and he failed at his attempt at college. He tried to kill himself on numerous occasions, spent time in and out of rehab[ilitation], psychiatric hospitals[,] and jail. He continues to live with anger, anxiety, depression, [and] hatred[. The trial court is] pleased to hear that he maintains his sobriety to this day and [the trial court hopes] he will continue to do so, and he has the greatest reason in the world right beside him [(referring to the victim's infant child)]. But he has been sentenced to a lifetime of these memories of the horrid acts committed against him when he was such a young, vulnerable adolescent. The [trial] court [] considered the rehabilitative needs of [Appellant. Appellant's] statement, of course, was that he was wrongfully accused and [the trial court] acknowledge[s] that this plea is no contest[,] and he has not admitted this happened. He has shown no remorse whatsoever for his actions, and the [trial] court [] considered that although this is a [] single count of indecent assault, it is clearly not a single incident but rather occurred for a number of years. [The trial court] read in their entirety the 18 letters of support for [Appellant,] and these letters do provide insight into the characteristics of [Appellant] that demonstrate how he [] supported people over the years in his position as a Catholic priest. He is praised for his kindness, generosity, and compassion[,] and his supporters plead for leniency and mercy describing how he [] helped so many through personal tragedies with his strength and guidance. [The trial court] considered each and every letter of support and [has] no reason whatsoever to disbelieve any of them, however, all of this support cannot trump the devastation [Appellant] caused in the life of one young boy at such a critical time in his life. Unbeknownst to any of these

supporters, while [Appellant] was guiding so many and serving as their friend and spiritual advisor[,] he was clandestinely preying on the innocence of one of his very own altar servers. [The trial court] considered the arguments [it] heard from [Appellant's] counsel today [and] from the Commonwealth. [The trial court agrees] that [the victim] paid a huge price[,] and he continues to suffer the effects of what happened to him when he was such a young and vulnerable boy. This is not just about an adult taking advantage of a child but[,] rather[,] the spiritual advisor taking advantage of the young boy who probably looked up to him, whose family looked up to him and admired him for his role as a Catholic priest. [The trial court] considered the arguments by [Appellant's counsel] today urging [the trial court] to consider probation and [the trial court] simply cannot find that probation is appropriate in this case. [The trial] court is departing from the sentencing guidelines[,] and the explanations and reasons already outlined serve as departure statements. The basis for total confinement in this case includes that [Appellant] is in need of correctional treatment that can be provided most effectively by his commitment to an institution and [the trial] court believes that any lesser sentence would depreciate from the very serious nature of the crimes of [Appellant].

N.T., 3/3/22, at 16-21 (extraneous capitalization omitted). In its May 4, 2022 letter to the Pennsylvania Commission on Sentencing, the trial court set forth its rationale for deviating from the sentencing guidelines, mirroring the statements made at the sentencing hearing. Trial Court Letter, 5/4/22.

Based upon a review of the record, the trial court was aware of the standard and aggravated sentencing ranges. In fashioning Appellant's sentence outside those sentencing guidelines, the trial court considered, and set forth on the record, the Section 9721(b) factors, including Appellant's character and his rehabilitative needs. For example, the trial court noted the supportive remarks contained in the 18 letters it reviewed that characterized Appellant as kind, generous, and compassionate. The trial court also noted,

however, that Appellant lived a clandestine life that included the commission of abusive acts as a priest in the Catholic Church. These actions targeted an adolescent who trusted and looked to Appellant for spiritual guidance. Moreover, Appellant's abusive actions had a severe and detrimental impact upon the victim's life. The trial court acknowledged, as part of its rationale for deviating from the sentencing guidelines, that, when Appellant committed the abusive acts against the victim, Appellant breached his position of trust as a spiritual leader and advisor to whom people in the Catholic community turned to for guidance. In fashioning Appellant's sentence, the trial court took into consideration the seriousness of the crime, the character and rehabilitative needs of the individual who committed the crime, and the compelling features that distinguished Appellant's conduct from others who committed similar offenses.[8] While Appellant's sentence falls outside the sentencing guidelines, the sentence is not unreasonable for the reasons set forth by the trial court. Consequently, we do not find the trial court abused its discretion or erred in sentencing Appellant.

---

[8] The central thrust of Appellant's argument on appeal is that the trial court "sentenced the crime, not the [offender]." Appellant's Brief at 19, 40. Appellant reasons that, while the seriousness of a crime is a proper consideration in imposing sentence, it cannot be the sole consideration. **Id.** at 10. Appellant also notes that everyone who violates 18 Pa.C.S.A. § 3126(a)(7) abuses a position of trust and often causes irreparable harm. **Id.** at 9. Although we recognize some abstract merit in such claims, we cannot agree that Appellant's contentions find purchase in this case. In exercising its considerable discretion in fixing Appellant's sentence, the trial court reasonably concluded that even the most cautious parents and victims would likely relax their vigilance in the presence of a trusted spiritual advisor such as a Catholic priest. Under such circumstances, we perceive no error.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2023